UNITED STATES of America,
Plaintiff-Appellee,

v.

Bong Shew CHEUNG, Defendant-
Appellant.

No. 73–3184.

United States Court of Appeals,
Ninth Circuit.

Sept. 25, 1974.

Richard Keith Corbin (argued), Sacramento, Cal., for defendant-appellant.

Bruce Babcock Jr., Asst. U. S. Atty. (argued), Sacramento, Cal., for plaintiff-appellee.

OPINION

Before MERRILL and ELY, Circuit Judges, and REAL,* District Judge.

ELY, Circuit Judge:

Cheung was charged in four counts of a five count indictment with having committed four offenses. One of the counts involving Cheung, Count Five, was dismissed during the trial pursuant to stipulation. Convicted of the remaining three charges, Cheung appeals.

Count One of the indictment, specifying 18 U.S.C. § 371, charged Cheung with having conspired with others to transport in interstate commerce jewelry and other property having a value in excess of $5,000, knowing the jewelry and other property to have been stolen.

Count Three, specifying "18 U.S.C. §§ 2314, 2," charged that one Cerf indi-

* Honorable Manual L. Real, United States District Judge, Los Angeles, California, sitting by designation.

vidually committed the offense described in Count One and charged that Cheung "did knowingly and willfully aid, abet, counsel, command, induce, procure, and cause the commission of the aforesaid offense."

Count Four, specifying "18 U.S.C. §§ 2314, 2," charged Cerf with having committed another unlawful interstate transportation of goods known to be stolen and alleged that Cheung aided, abetted, etc., this offense in the same language as heretofore quoted in the charge made against Cheung in Count Three.

On this appeal, Cheung makes two contentions. First, he vigorously argues that the evidence was insufficient to justify the jury's determination of his guilt. Our review of the record convinces us that, as to the charge of conspiracy, the contention must be rejected. Cheung argues that the prosecution did not adequately prove his knowledge that the personal property in question was stolen. The testimony of three of the prosecution witnesses undermines this argument. One of these witnesses, Gail Lundell, who was employed by Cheung at the time of the conspiracy testified in part:

"Well, I asked him [Cheung] if the jewelry was stolen and I said, it's just, you know, look too suspicious to me. He said, 'Yes, it is stolen but it's not from this country.' "

Another prosecution witness, Doug Bell, had conversed with Cheung concerning Cheung's attempt to sell him, Bell, some of the jewelry. We quote a portion of Bell's testimony as follows:

"And he [Cheung] said he had somewhere around $120,000.00 worth of jewelry for sale. It was wholesale. And he wanted to know if I would buy it for forty thousand. These are approximate prices. And I told him that, you know, 'Why was it such a good price, was it hot?' and he said yeah. I said, 'I don't even want the stuff here. I don't even want it in

the store.' So he made a statement something to refer to: 'You never get rich by being honest.' "

Finally, the Government points to some of the testimony of a witness Schwartz. This testimony reads: ·

"I at this point got into a little deeper conversation with Mr. Cheung regarding the property and et cetera and he said there was a great deal more of this jewelry available of it, that the people needed the money in order to go back and get it.

Q. Keep going.

A. At which time he did use a terminology—I guess I must have asked the question because at this point—

Q. What question?

A. Whether this material was the legitimate material—legitimate jewelry or otherwise because when the price starts dropping like this there is something wrong.

Q. What did he say?

A. He—I don't remember the exact terminology, but to the effect that the property was warm or hot, what have you, that it had to be stolen someplace in the Islands.

Q. The Islands?

A. Yes.

Q. What Islands?

A. In Hawaii.

Q. What else? Did he tell you where it had come from?

A. He didn't name any specific place that this had come from other than the three—yeah, I believe it was three individuals or two individuals had brought it over.

Q. Did he say how it was stolen?

A. No.

Q. Well, did he say what kind of heist that was involved?

A. Well, some jewelry store.

Q. Did he indicate whether or not it was a burglary, something of that sort?

A. Just that it had been taken.

Q. From a jewelry store in Hawaii?

A. Yes."

Viewing the evidence in the light most favorable to the Government, as we must, the foregoing testimony was more than adequate to warrant the jury's determination that Cheung was indeed fully aware that the jewelry in question had been stolen.

Cheung's second argument is to the effect that since the principal defendant charged in Counts Three and Four was acquitted of the substantive offenses charged therein, Cheung's conviction for having aided and abetted the commission of the offenses cannot stand. The penalties assessed against Cheung for his conviction on the three offenses were ordered to be served concurrently. In light of this, the majority, exercising its discretion, deems it unnecessary to consider Cheung's challenge to his convictions under the second two counts.[1]

Affirmed.

---

[1]. The author of this opinion believes, contrary to the majority, that the issue presented in Cheung's second argument should be discussed and that the judgments of conviction on Counts Three and Four should be vacated. His statement in this respect, is as follows:

"In its brief, the Government frankly concedes the general validity of Cheung's second contention. See, e. g., Karrell v. United States, 181 F.2d 981 (9th Cir.), cert. denied, 340 U.S. 891 [71 S.Ct. 206, 95 L.Ed. 646] (1950). It attempts to avoid Cheung's argument, however, by arguing in its brief that Cheung was also charged, under 18 U.S.C. § 2(b) 'with *causing* interstate transportation of the stolen jewelry' (emphasis in original). This argument is not supported by the record. At no point in the four-page indictment is there any reference to 18 U.S.C. § 2(b). Moreover, the judgment of the District Court, which is and 'ought to be, controlling, specifically recites that Cheung's conviction under Count Three was pursuant to 'Title 18 U.S.C, Section 2314'

and, as to the conviction under Count Four, the judgment refers to the statute and the offense involved as "Title 18 U.S.C., Section 2(2314) (Aiding and Abetting).'

"In the light of the prosecution's failure to refer to 18 U.S.C. § 2(b) at any point in the indictment and the failure of the judgment to include any reference to that statute, I would not permit the prosecution, at this belated stage of the proceeding, successfully to rest its whole rebuttal to Cheung's meritorious contention on that statute.

"I recognize that since Cheung's conviction of the offense charged in Count One of the indictment must stand, the majority, exercising it discretion, is empowered to omit any discussion of the challenge made by Cheung to his convictions under Counts Three and Four. I, however, think it important to emphasize the desirability of specificity in indictments and, even more importantly, in the District Court's written judgments of conviction. I would, therefore, vacate the judgments of conviction under Counts Three and Four."